IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 04-CR-40021-04-MJR |
| | ) | |
| DEMETRIUS D. JOHNSON, | ) | |
| (Inmate # 06298-025), | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON
## MOTION TO REDUCE SENTENCE

REAGAN, District Judge:

      In May 2005, Demetrius D. Johnson was sentenced in this Court, by U.S. District Judge James L. Foreman, to 200 months in prison on Count 1 (conspiracy to possess with intent to distribute cocaine base ("crack")), and 120 months in prison on Count 2 (felon in possession of a firearm), to be served concurrently. On March 6, 2008, Defendant Johnson filed a pro se motion seeking to reduce his sentence under 18 U.S.C. 3582(c), based on Amendment 706 to the United States Sentencing Guidelines which, in the wake of *Kimbrough v. United States*, 552 U.S. 85 (2007), reduced the offense levels applicable to certain crack cocaine offenses. Following passage of the Fair Sentencing Act of 2010, Pub. L. No. 111-120, 124 Stat. 2372 (2010), the United States Sentencing Commission's promulgated additional amendments to the Sentencing Guidelines, reducing the criminal penalties for certain crack cocaine offenses.

      This Court appointed the Federal Public Defender's Office to represent Defendant (Doc. 264). Attorney Todd M. Schultz of the FPD's Office formally entered his appearance on Crater's behalf on January 24, 2012 (Doc. 334).

1

On January 26, 2012, Mr. Schultz moved to withdraw from the case (i.e., cease his representation of Defendant on this motion), having determined that Defendant's guideline range is unchanged by the 2011 retroactive amendment, thereby precluding any non-frivolous argument for a sentence reduction under 18 U.S.C. § 3582(c) and the retroactive amendment to the crack cocaine sentencing guideline. A copy of the motion was provided to Defendant by Mr. Schultz. The motion states as follows (Doc. 335, pp. 1-2):

> 4. When the Defendant was sentenced, he was determined to be a career offender. *See* PSR ¶¶ 49 and 92. Consequently, the Defendant's guideline range does not change as a result of the application of Amendments 706, 711, and 750.
>
> 5. Because the Defendant's guideline range remains unchanged, he is ineligible for a sentence reduction pursuant to § 3582(c) and the Court lacks jurisdiction to grant any such relief. U.S.S.G. § 1B1.10(a)(2) & App. n.1(A); *United States v. Forman,* 553 F.3d 585, 588 - 590 (7th Cir. 2009).

Simply put, Schultz's research discloses that Defendant Johnson is *not eligible* for the reduction at issue, and Schultz cannot find any valid (non-frivolous) reason on which to move forward with Defendant's motion to reduce sentence.

By Order dated January 26, 2012, Johnson was given until February 10, 2012, to show cause why his pro se motion to reduce sentence (Doc. 262) should not be denied. Johnson did not respond in any manner.

The guideline generally applicable to crack cocaine offenses is U.S.S.G. § 2D1.1. Although § 2D1.1 was amended, that guidelines section was not used to sentence Johnson. Rather, because Johnson qualified as a Career Offender, U.S.S.G. § 4B1.1 was utilized to determine his offense level (and the Court did not depart downward from that range). The recent amendments to Section 3582(c)(2) did not alter § 4B1.1. Consequently, Johnson's guideline range cannot be lowered by the retroactive amendment. Relief under Section 3582 is not

available when a retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." *United States v. Taylor*, 627 F.3d 674, 676 (7th Cir. 2010).

IT IS THEREFORE ORDERED that Defendant Demetrius D. Johnson's *pro se* motion to reduce sentence (Doc. 262) is **DENIED**.

IT IS SO ORDERED.

DATED:  February 13, 2012

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
UNITED STATES DISTRICT JUDGE