IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 04-CR-40021-02-MJR |
| JAMONTE L. ALLISON,<br>(Inmate # 06292-025), | ) | |
| Defendant. | ) | |

## ORDER
## REGARDING MOTION TO REDUCE SENTENCE

REAGAN, District Judge:

In September 2005, Jamonte L. Allison was sentenced in this Court (by the Honorable James L. Foreman) to 240 months in prison on Count 1 of an indictment charging him with conspiracy to distribute cocaine base ("crack"). On May 27, 2008, Defendant Allison filed a pro se motion (Doc. 266) seeking to reduce his sentence under 18 U.S.C. 3582(c), based on Amendment 706 to the United States Sentencing Guidelines which, in the wake of *Kimbrough v. United States*, 552 U.S. 85 (2007), reduced the offense levels applicable to certain crack cocaine offenses. On September 27, 2010, the Court ordered Allison to show cause why his motion should not be denied, because he was ineligible for a reduction (Doc. 287). Allison's response primarily attacked his original sentence, and did not address the impediment to a reduction, the statutory mandatory minimum sentence (*see* Doc 291).

Following passage of the Fair Sentencing Act of 2010, Pub. L. No. 111-120, 124 Stat. 2372 (2010), the United States Sentencing Commission's promulgated additional amendments to the Sentencing Guidelines, reducing the criminal penalties for certain crack cocaine offenses. On December 1, 2011, Defendant Allison filed a second pro se motion seeking

˜1˜

to reduce his sentence (Doc. 326).

By Orders dated December 2, 2011 and December 5, 2011 (Docs. 327, 328), this Court appointed the Federal Public Defender's Office to represent Defendant Allison. Attorney Todd M. Schultz of the FPD's Office formally entered his appearance on Allison's behalf on December 27, 2011 (Doc. 331).

On January 30, 2012, Mr. Schultz moved to withdraw from the case (i.e., cease his representation of Defendant on this motion), having "determined that the Defendant has no meritorious basis for obtaining relief under 18 U.S.C. § 3582(c) and the retroactive amendment to the crack cocaine sentencing guideline" (Doc. 338). A copy of the motion was provided to Defendant by Mr. Schultz. The motion states as follows (Doc. 338, pp. 1-2):

> 3. Undersigned counsel has since determined that the Defendant has no meritorious basis for obtaining relief under 18 U.S.C. § 3582(c) and the retroactive amendment to the crack cocaine sentencing guideline.
>
> 4. On September 6, 2005, the Court sentenced the Defendant to a statutory mandatory minimum term of 240 months in prison. Because the Defendant received a statutory mandatory minimum sentence, his sentence cannot be further reduced by application of the 2011 retroactive amendment to the crack cocaine guideline. *See United States v. Forman,* 553 F.3d 585, 588 (7th Cir. 2009).
>
> 5. The Court has previously appointed the Federal Public Defender's Office to represent the Defendant concerning the 2007 retroactive amendment to the crack cocaine guideline. *See* Doc. 268. On September 27, 2010, a motion to withdraw was filed stating that the Defendant was ineligible for a reduction based upon the 2007 retroactive amendment to the crack cocaine guideline because he received a statutory mandatory minimum sentence. *See* Doc. 286. This earlier motion to withdraw is still pending.
>
> 6. United States Probation Officer Fletcher has also concluded that the Defendant is ineligible for a reduction because he received a statutory mandatory minimum sentence.

Defendant Allison was given until February 15, 2012, to file a response and show cause why the undersigned Judge should not grant attorney Schultz's motion to withdraw (Doc. 338) and deny both of Allison's pro se motions to reduce sentence (Doc. 266, 326). Allison has not filed a response.

The Court's review of the record reveals that Allison's sentencing range is not changed by the retroactive amendments to the guidelines because he is subject to a 240 month mandatory minimum term of imprisonment. *See United States v. Forman,* 553 F.3d 585, 588 (7th Cir. 2009). Therefore, Allison's two motions for reduction of his sentence (Docs. 266, 326) are both **DENIED**. Attorney Schultz's motion for leave to withdraw as counsel of record for Defendant Allison (Doc. 338) is **GRANTED**.

IT IS SO ORDERED.

DATED: February 16, 2012

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
UNITED STATES DISTRICT JUDGE