# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>  )<br>        Plaintiff,           )<br>  )<br>vs.                             )<br>  )<br>ULYSSES WILLIAMS ,      )<br>  )<br>        Defendant.       )  | Case No.  04-CR-40021-03-MJR |

## ORDER

**REAGAN, District Judge:**

By motion filed March 8, 2012, Defendant Ulysses Williams is before the Court, proceeding pro se, seeking reconsideration of the Court's October 13, 2011, Order (Doc. 318) denying his February 2008 motion to reduce his sentence pursuant to 18 U.S.C. 3582(c), based on Amendment 706 to the United States Sentencing Guidelines ("the 2008 Amendment") (Doc. 345). Williams acknowledges that the Court recently granted a similar motion to reduce his sentence pursuant to 18 U.S.C. 3582(c), based on Amendment 750 to the Guidelines, which went into effect November 1, 2011 ("the 2011 Amendment"). *See* Doc. 332. He argues that it was error to deny his first motion that was based on the 2008 Amendment based on his status as a Career Offender, because he was not sentenced as a Career Offender. Williams observes that the Court did *not* characterize him as a Career Offender relative to his motion under the 2011 Amendment, which was granted.

In *United States v. Rollins*, 607 F.3d 500 (7th Cir. 2010), the Court of Appeals for the Seventh Circuit recognized that, although the Federal Rules of Criminal Procedure do not contain a specific rule relative to the sort of reconsideration sought by Williams, as a matter of

1

general practice, such motions exist, and they suspend the time for filing an appeal. Nevertheless, the late timing of Williams' motion is problematic.

Federal Rule of Appellate Procedure 4(b) allots 14 days from entry of the order to file an appeal, and Williams did not seek reconsideration within 14 days of the Court's October 13, 2011, order. The Court's October order indicated that, although a reduction under the 2008 Amendment was denied, Williams' motion for a reduction pursuant to the 2011 Amendment was pending. Even if the Court analyzed the timeliness of the motion for reconsideration from the entry of the January 3, 2012, order granting a reduction pursuant to the 2011 Amendment, Williams' motion is untimely. Therefore, Williams' motion for reconsideration (Doc. 345) is **DENIED** as untimely.

Pursuant to 18 U.S.C. § 3582(c), the Court may, in certain limited circumstances, *sua sponte* modify a term of imprisonment once it is imposed. Section 3583(a)(2) permits the Court, on its own motion, to modify a sentence if the sentencing range has been lowered. Therefore, the Court may consider anew whether Williams' sentence should be further reduced. More to the point, the Court will analyze the interplay between Williams' first motion for reduction of sentence, and his second motion, and the Court's corresponding Orders, to ensure that the proper reduction was given.

### 1. Procedural History

In November 2004, Ulysses Williams pleaded guilty to conspiring to distribute cocaine base (in the form commonly referred to as "crack cocaine"), in violation of 21 U.S.C. § 841. In February 2005, United States District Judge James L. Foreman sentenced Williams to 235 months in prison, followed by a 5-year term of supervised release. In February 2008,

Williams, *pro se*, filed a motion to reduce sentence under 18 U.S.C. 3582(c)(2), based on Amendment 706 to the U.S. Sentencing Guidelines (Doc. 259). In the wake of *Kimbrough v. United States*, 552 U.S. 85 (2007), Section 3582(c)(2) is the mechanism used to reduce the offense levels applicable to certain crack cocaine offenses).

The undersigned Judge entered an Order advising Williams how his motion would be handled, including the fact that (via Administrative Order 102) the Federal Public Defender's Office would represent Williams on this motion.

On May 31, 2011, Assistant Federal Public Defender ("FPD") Daniel G. Cronin moved to withdraw from representing Defendant Williams herein (see Doc. 298). Mr. Cronin and the FPD's Office determined that Williams had no meritorious basis for obtaining relief under 18 U.S.C. § 3582(c) and the retroactive amendments to the crack cocaine sentencing guidelines. This conclusion stemmed from the fact that when Williams was sentenced, he was found to be a Career Offender, and sentences calculated under the Career Offender provisions in Guidelines Chapter 4 are not eligible for any sentence reduction under Amendment 706, as the United States Court of Appeals for the Seventh Circuit squarely held in *United States v. Forman*, 553 F.3d 585, 588-590 (7th Cir. 2009). So, attorney Cronin concluded that there was no non-frivolous ground on which to pursue a sentence reduction on Williams' behalf. The U.S. Probation Office confirmed Williams' status as a Career Offender. The Court, observing that the Presentence Report characterized Williams as a Career Offender, and that the minutes of the sentencing hearing reflect that the Presentence Report was adopted, agreed that Williams was ineligible for a reduction. Accordingly, the Court denied Williams' motion.

Following the passage of the Fair Sentencing Act of 2010, Pub. L. No. 111-120,

124 Stat. 2372 (2010), the United States Sentencing Commission promulgated further amendments to the Sentencing Guidelines, bringing the Guidelines into conformity with substantive provisions *further* reducing the criminal penalties for certain crack cocaine offenses. Consequently, Williams filed a second motion for reduction of his sentence (Doc. 317). The Court again appointed the Federal Public Defender to represent Williams.

When analyzing Williams' motion for a reduction under the 2011 Amendment, Williams' attorney, the Probation Office and the Court all belatedly recognized that Williams' Career Offender status did not preclude a retroactive reduction of his sentence. Accordingly, Williams was granted a sentence reduction from 235 months, down to 188 months.

### 1. **Analysis**

Williams is absolutely correct; his original sentence was not based on his status as a Career Offender, and the Court's statement to that effect in the October 13, 2011, Order (Doc. 318) was incorrect. Nevertheless, it cannot be forgotten that Williams has been found to qualify as a Career Offender. Although the Court concludes that Williams has received the greatest possible sentence reduction, further explanation is warranted in order to allay confusion.

The guideline generally applicable to crack cocaine offenses is U.S.S.G. § 2D1.1—Chapter 2. However, for those who qualify as a Career Offender U.S.S.G. § 4B1.1—Chapter 4— *usually* results in a higher sentencing range. Section 4B1.1(b) indicates that the higher level is to be used to calculate the sentence. When Williams was originally sentenced, the Career Offender level was actually the lower level, so it was not used by Judge Foreman. This is fortunate for Williams, because the 2008 and 2011 Amendments lowered his sentencing range under Section 2D1.1, making him eligible for a sentence reduction under 18 U.S.C. § 3582(c).

In contrast, the 2008 and 2011 Amendments did not alter his range under Section 4B1.1, making relief under Section 3582(c)(2) unavailable. *See United States v. Taylor*, 627 F.3d 674, 676 (7th Cir. 2010) (relative to the 2008 Amendment).

The Amendments permit Williams to receive relief from his original sentence, but only to the extent that his Career Offender status reemerges as the applicable sentencing provision. The 2011 Amendment of Guidelines Section 2D1.1, results in the base offense level dropping from 36 to level 34, so it no longer controls. Under either Section 2D1.1 or Section 4B1.1, Williams' offense level never drops below 34 (criminal history IV). Base offense level 34, less three points for acceptance of responsibility, reduces Williams to level 31 and a sentencing range of 188-235 months.

Williams' motion suggests that he is under the misperception that, had the Court reduced his sentence under the 2008 Amendment, he would receive an even lower sentence under the 2011 Amendment. Although he was entitled to a reduction under the 2008 Amendment, the 2011 Amendment offers the lowest available sentencing range, 188-235 months. That is why the Court did not amend its October 13, 2011, Order, which would only result in reducing Williams' sentence in piecemeal fashion. Williams has not been prejudiced in any way. Using the most current Guidelines, which are also the most favorable to Williams, he has received the lowest sentence he can possibly receive.

## 2. Conclusion

Defendant Ulysses Williams' motion for reconsideration (Doc. 345) is **DENIED** as untimely. For the reasons stated, the Court has, *sua sponte,* considered whether further reduction is warranted and finds that no further reduction is appropriate. Williams' 188 month

term of imprisonment stands.

       **IT IS SO ORDERED.**

       **DATED: March 15, 2011**

                          <u>s/ *Michael J. Reagan*</u>
                          **MICHAEL J. REAGAN**
                          **UNITED STATES DISTRICT JUDGE**