IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 04-CR-40021-02-MJR |
| | ) | |
| JAMONTE L. ALLISON, | ) | |
| (Inmate # 06292-025), | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

REAGAN, District Judge:

Defendant Jamonte L. Allison has appealed this Court's denial of his motions for a sentence reduction. The Court of Appeals for the Seventh Circuit has remanded the case for the limited purpose of securing a ruling on Allison's motion for leave to file a late appeal (Doc. 357).

In September 2005, Jamonte L. Allison was sentenced in this Court (by the Honorable James L. Foreman) to 240 months in prison on Count 1 of an indictment charging him with conspiracy to distribute cocaine base ("crack"). On May 27, 2008, Defendant Allison filed a pro se motion (Doc. 266) seeking to reduce his sentence under 18 U.S.C. 3582(c), based on Amendment 706 to the United States Sentencing Guidelines which, in the wake of *Kimbrough v. United States*, 552 U.S. 85 (2007), reduced the offense levels applicable to certain crack cocaine offenses. Following passage of the Fair Sentencing Act of 2010, Pub. L. No. 111-120, 124 Stat. 2372 (2010), the United States Sentencing Commission's promulgated additional amendments to

the Sentencing Guidelines, reducing the criminal penalties for certain crack cocaine offenses. On December 1, 2011, Defendant Allison filed a second pro se motion seeking to reduce his sentence (Doc. 326). The Federal Public Defender's Office was appointed to represent Defendant Allison.

Allison's appointed counsel moved to withdraw from the case, having "determined that the Defendant has no meritorious basis for obtaining relief under 18 U.S.C. § 3582(c) and the retroactive amendment to the crack cocaine sentencing guideline" (Doc. 338). Allison was directed to show cause why his motions should not be denied; when he did not do so, the Court proceeded to rule on his motions and a sentence reduction was denied because of the controlling mandatory minimum sentence (Doc. 341). Approximately two weeks later, Allison moved for an extension of time to show cause for not denying his motions for sentence reduction. The Court denied the motion, but explained that Allison could file a motion for reconsideration in accordance with Federal Rule of Civil Procedure 60(b). Rather than file a motion for reconsideration, Allison filed a Notice of Appeal.

Approximately one month after initiating his appeal, Allison apparently realized that his appeal had been filed late, so he filed a motion to extend the time within which to appeal, which the Court will now consider. Allison explains that he was diagnosed with sarcoidosis on February 14, 2012, and he was incapacitated and unable to respond to the Court until February 27, 2012.[1]

Federal Rule of Appellate Procedure 4(b)(1)(A)(i) prescribes in pertinent part that a notice of appeal must be filed within 14 days after entry of the order being appealed. The

---

[1] Sarcoidosis is an abnormal immune response that causes growth of granulomas in various organs, often affecting the lungs. www.mayoclinic.com/health/sarcoidosis/DS00251

Order denying a sentence reduction was filed February 16, 2012 (Doc. 341); therefore, Allison should have filed a notice of appeal on or before March 1, 2012. Allison's notice of appeal was mailed on March 20, 2012, and filed on March 26, 2012—25 days too late. Allison's motion for an extension of time was mailed on May 1, 2012, and filed in the district court on filed May 4, 2012 (Doc. 357).

> Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed . . . .

Fed.R.App.P. 4(b)(4). Therefore, regardless of the fact that the Court considers Allison's medical problems to have constituted good cause for having missed the March 1, 2012, deadline for filing his notice of appeal, his appeal is time-barred. Allison did not move to extend the time within which to file a notice of appeal until two months after the notice was due, and the window of time to file a notice of appeal, even with an extension, closed on March 31, 2012. Rule 4(b)(4) does not authorize this Court to grant a longer extension.

IT IS THEREFORE ORDERED that Jamont L. Allison's motion for an extension of time to appeal (Doc. 357) is DENIED.

The Clerk of Court shall transmit a copy of this Order to the Court of Appeals for the Seventh Circuit.

DATED: June 18, 2012

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
UNITED STATES DISTRICT JUDGE