IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br><br>vs. )<br><br>JAMONTE L. ALLISON, )<br>   (Inmate # 06292-025), )<br><br>Defendant. ) | Case No. 04-CR-40021-02-MJR |

ORDER

REAGAN, District Judge:

Defendant Jamonte L. Allison has appealed this Court's denial of his motions for a sentence reduction. By order dated August 16, 2012, the Court of Appeals for the Seventh Circuit remanded the case for the second time for the limited purpose of securing a ruling on Allison's motion for leave to file a late appeal (Doc. 357). Therefore, the Court's previous order denying the motion (Doc. 366) is VACATED.

In September 2005, Jamonte L. Allison was sentenced in this Court (by the Honorable James L. Foreman) to 240 months in prison on Count 1 of an indictment charging him with conspiracy to distribute cocaine base ("crack"). On May 27, 2008, Defendant Allison filed a pro se motion (Doc. 266) seeking to reduce his sentence under 18 U.S.C. 3582(c), based on Amendment 706 to the United States Sentencing Guidelines which, in the wake of *Kimbrough v. United States*, 552 U.S. 85 (2007), reduced the offense levels applicable to certain crack cocaine offenses. Following passage of the Fair Sentencing Act of 2010, Pub. L. No. 111-120, 124 Stat.

1

2372 (2010), the United States Sentencing Commission's promulgated additional amendments to the Sentencing Guidelines, reducing the criminal penalties for certain crack cocaine offenses. On December 1, 2011, Defendant Allison filed a second pro se motion seeking to reduce his sentence (Doc. 326). The Federal Public Defender's Office was appointed to represent Defendant Allison.

Allison's appointed counsel moved to withdraw from the case, having "determined that the Defendant has no meritorious basis for obtaining relief under 18 U.S.C. § 3582(c) and the retroactive amendment to the crack cocaine sentencing guideline" (Doc. 338). Allison was directed to show cause why his motions should not be denied; when he did not do so, the Court proceeded to rule on his motions and a sentence reduction was denied because of the controlling mandatory minimum sentence (Doc. 341).  Approximately two weeks later, Allison moved for an extension of time to show cause for not denying his motions for sentence reduction.  The Court denied the motion, but explained that Allison could file a motion for reconsideration in accordance with Federal Rule of Civil Procedure 60(b).  Rather than file a motion for reconsideration, Allison filed a Notice of Appeal.

Approximately one month after initiating his appeal, Allison apparently realized that his appeal had been filed late, so he filed a motion to extend the time within which to appeal, which the Court will now consider.  According to Allison, he did not receive the order until February 27, 2002, after he was released from the hospital.  Allison further explains that he was

diagnosed with sarcoidosis on February 14, 2012, and he was incapacitated and unable to respond to the Court until February 27, 2012.[1]

Federal Rule of Appellate Procedure 4(b)(1)(A)(i) prescribes in pertinent part that a notice of appeal must be filed within 14 days after entry of the order being appealed. The Order denying a sentence reduction was filed February 16, 2012 (Doc. 341); therefore, Allison should have filed a notice of appeal on or before March 1, 2012. Allison's notice of appeal was mailed from prison on March 20, 2012, and filed on March 26, 2012. Allison's motion for an extension of time was mailed from prison on May 1, 2012, and filed in the district court on filed May 4, 2012 (Doc. 357).

> Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed . . . .

Fed.R.App.P. 4(b)(4). In determining whether this showing has been made this Court is to consider—at least with respect to "excusable neglect," the higher standard—the entire context, including the reason for and the length and impact of the delay, the danger of prejudice to the nonmoving party, and whether the party responsible for the delay acted in good faith. *See Marquez v. Mineta,* 424 F.3d 539, 541 (7th Cir. 2005); *United States v. Brown*, 133 F.3d 993, 996 (7th Cir. 1998).

Allison's medical problems and hospitalization certainly impeded his ability to meet the March 1, deadline. Moreover, a review of the record confirms that the Court's March 16, 2012, order was not mailed to Allison until February 21, 2012, and it was returned to the

---

[1] Sarcoidosis is an abnormal immune response that causes growth of granulomas in various organs, often affecting the lungs. www.mayoclinic.com/health/sarcoidosis/DS00251

Clerk of Court on March 1, 2012, as "undeliverable." The order was resent on March 2, 2012, to a new address. Therefore, Allison was not even aware of the Court's order until after the March 1, 2012, deadline for filing a notice of appeal. Once he received the order, Allison appears to have rapidly and diligently worked to file his notice of appeal—acting in good faith. The delay in filing a notice of appeal was not substantial and prejudice is not apparent.

For the reasons stated, the Court FINDS that delay in transmission and receipt of the order, and Allison's medical problems, individually and together, constitute "excusable neglect" for having missed the March 1, 2012, deadline for filing his notice of appeal. Pursuant to Federal Rule of Appellate Procedure 4(b)(4), the Court GRANTS Allison's motion for an extension of time (Doc. 357) and EXTENDS the time to file a notice of appeal by 30 days, from March 1 to March 31, 2012. Therefore, the notice of appeal mailed from prison on March 20, 2012, and filed on March 26, 2012, is timely filed.

The Clerk of Court shall transmit a copy of this Order to the Court of Appeals for the Seventh Circuit.

IT IS SO ORDERED.

DATED:  August 17, 2012

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
UNITED STATES DISTRICT JUDGE